Mark DE LITTA, Plaintiff–Appellee,

v.

VILLAGE OF MAMARONECK
Defendant,

Edward E. Flynn, Individually and as
Chief of the Mamaroneck Police De-
partment, Defendant–Appellant.

No. 03–7299(L), 04–4795(CON).

United States Court of Appeals,
Second Circuit.

Dec. 28, 2005.

**498**

James L. Fischer, London Fischer LLP (Gregg D. Minkin, Linda S. Lin,) New York, NY., for Appellants, of counsel.

Daniel J. Kaiser, Kaiser Saurborn & Mair, P.C., (Henry L Saurborn, Jr.,) New York, NY, for Appellees, of counsel.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Edward E. Flynn brings this interlocutory appeal based on the district court's denial of his motion to dismiss the complaint under Federal Rule of Procedure 12(b)(6) on the grounds of qualified immunity. During oral argument the plaintiff abandoned his Rehabilitation Act claim against Flynn in his individual capacity, apparently based upon counsel's understandable view of the state of the law in this Circuit as to the viability of lawsuits against individual defendants under the Act. We affirm the district court's denial of qualified immunity with respect to the plaintiff's other claims.

With respect to the plaintiff's First Amendment retaliation claim under 42 U.S.C. § 1983, the defendant argues that the complaint fails to allege that the plaintiff was retaliated against for speaking on a matter of public concern. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (footnote omitted). If a court were to conclude that the thrust of the plaintiff's memorandum was that he suspected Flynn's son was engaged in misconduct, or had implied some sort of cover-up or favoritism, then his speech could properly be found to have related to a matter of public concern.

■ The plaintiff alleges that as a result of the memorandum, he was subject to harassing comments, selective reprimands and punishments, unwarranted scrutiny of his sick days, and was forced to work without a firearm, which "creat[ed] a very dangerous job condition." Because the plaintiff's right to be free from First Amendment retaliation was clearly established at the time this alleged conduct took place, the plaintiff has thus alleged facts which, if proven, would defeat Flynn's assertion that he enjoys qualified immunity with respect to the retaliation claim.

■ With respect to the plaintiff's section 1985(3) claim, the defendant argues that the plaintiff has failed to allege a conspiracy between a plurality of actors because all the relevant conspirators are part of the same governmental entity. We have noted, however, that a conspiracy violating section 1985(3) might exist if the individual defendants were "motivated by any independent personal stake in achieving the corporation's objective." *Girard v. 94th St. & Fifth Av. Corp.*, 530 F.2d 66, 70–72 (2d Cir.), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976). At this stage of the litigation, dismissal would have been inappropriate because "[i]t is not clear that [the plaintiff] could prove no set of facts supporting the notion that [the supervisor] acted upon some personal motive or in furtherance of a personal—maybe even economic—interest outside of

the objectives of [the organization, i.e., in this case, the Mamaroneck Police Department]." *Roniger v. McCall,* 22 F.Supp.2d 156, 169 (S.D.N.Y.1998).

■ In addition, even if the intra-enterprise doctrine means that Flynn could not conspire with the Village of Mamaroneck, he may have conspired with other employees listed in the complaint: Lieutenant Rocozzi and Officer Kelly. If the plaintiff can show that Flynn and the other employees conspired with each other on the basis of personal animus, and not out of any desire to serve the interests of the Village of Mamaroneck, then the intra-enterprise doctrine would not apply. *See Yeadon v. N.Y. City Transit Auth.,* 719 F.Supp. 204, 212 (S.D.N.Y.1989) ("[B]ecause plaintiffs have adequately alleged that each [employee] possessed independent, personal conspiratorial purposes, the defense does not apply.").

■ Because Flynn has asserted qualified immunity with respect only to federal law, we do not have jurisdiction on this interlocutory appeal to review the district court's refusal to apply judicial estoppel or to dismiss the plaintiff's state-law claims. The appeal docketed at 03–7299 is therefore also dismissed for lack of jurisdiction.

For the reasons set forth, the orders of the district court are hereby AFFIRMED IN PART and REVERSED IN PART.